# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2015

Lyle W. Cayce
Clerk

No. 14-51256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC IVAN MALDONADO-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-305-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eric Ivan Maldonado-Guzman pleaded guilty to illegal reentry following deportation. The district court sentenced him to 21 months of imprisonment, which was above the sentencing range under the advisory Sentencing Guidelines.

In his sole issue on appeal, Maldonado-Guzman challenges his above-guidelines sentence as substantively unreasonable. He argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court gave too much weight to his prior illegal reentry conviction and the need to deter future criminal conduct.

We review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-guidelines sentence is unreasonable if the district court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We must consider the substantive reasonableness of the sentence based on the totality of the circumstances, including the extent of any variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). "In making this determination, [this court] must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012) (internal quotation marks and citation omitted).

The record reflects that the district court heard counsel's arguments in favor of a within-guideline sentence. That court noted that Maldonado-Guzman's prior illegal reentry conviction resulted in an 18-month sentence; but despite this prison sentence, Maldonado-Guzman again illegally reentered the United States. Based on this information, the district court made an individualized assessment that a sentence within Maldonado-Guzman's 10-to-16 month guidelines range would not adequately deter him from engaging in future criminal conduct. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) ("[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." (internal quotation marks and citation omitted)). Maldonado-Guzman has not shown

No. 14-51256

that the district court committed clear error in balancing the sentencing factors. *See Smith*, 440 F.3d at 708.

Although Maldonado-Guzman complains that his 21-month sentence is "excessive," we have affirmed greater variances as substantively reasonable when the sentencing court based its upward variance on permissible considerations. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (upholding sentence of 216 months when guidelines range was 46 to 57 months); *see also Brantley*, 537 F.3d at 348-50 (upholding total sentence of 180 months when guidelines range was 41 to 51 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding sentence of 120 months when guidelines range was 33 to 41 months). Here, the district court based its upward variance on Maldonado-Guzman's history and characteristics and the need to impose a just sentence. *See* § 3553(a). Accordingly, we conclude that the 21-month sentence, which was five months above the top of the sentencing guidelines range of 10 to 16 months of imprisonment, is substantively reasonable. *See Smith*, 440 F.3d at 708, 710.

AFFIRMED.